1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

CHRISTOPHER E. GARNER,

               Petitioner,

      v.

P.D. BRAZELTON,

               Respondent.

) Case No. CV 13-8076 SVW (JC)
)
)
)
) ORDER DISMISSING PETITION FOR
) WRIT OF HABEAS CORPUS
) WITHOUT PREJUDICE
)
)
)
)
)

## I.   SUMMARY

On October 31, 2013, Christopher E. Garner ("petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Current Petition") challenging a 2007 conviction and sentence in Los Angeles County Superior Court in Case No. PA054310 ("State Case"). Petitioner claims his trial counsel was ineffective in causing petitioner to reject a 12-year plea offer and in failing to communicate a 10-year plea offer to him.

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Petition is dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to refer the Current Petition to the

1   United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") pursuant

2   to Ninth Circuit Rule 22-3(a).[1]

3   **II.    PROCEDURAL HISTORY**[2]

4       **A.    State Case – Conviction, Sentencing and Direct Appeal**

5       On March 6, 2007, a Los Angeles County Superior Court ("LASC") jury

6   found petitioner guilty of first degree murder (count 1), first degree robbery (count

7   2), and first degree burglary (count 3).  The jury also found that a principal was

8   armed with a firearm during the offenses.  On March 20, 2007, the trial court

9   sentenced petitioner to a total of twenty-six years to life in state prison.

10      On April 7, 2008, the California Court of Appeal affirmed the judgment in a

11  reasoned decision.  On July 9, 2008, the California Supreme Court denied review

12  without comment.

13  ///

14      **B.    State Case – State Post-Conviction Proceedings**

15  _____

16      [1]Ninth Circuit Rule 22-3(a) provides in pertinent part:  "Any petitioner seeking
    authorization to file a second or successive 2254 petition . . . in the district court must file an
17  application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C.
    § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court,
18  the district court shall refer it to the [C]ourt of [A]ppeals."

19
    [2]The procedural history set forth in this section is derived from court records in the
20  Central District of California, the Ninth Circuit, and the United States Supreme Court in the
    following cases of which this Court takes judicial notice:  (1) Christopher E. Garner v. Larry
21  Small, No. CV 09-9332 SVW(JC) ("First Federal Action"); (2) Christopher E. Garner v. State of
    California, No. 11-8058 SVW(JC) ("Second Federal Action"); (3) Christopher Garner v. Larry
22  Small, No. 11-55691 ("First Ninth Circuit Action"); (4) Christopher Garner v. Larry Small,
    No. 11-55837 ("Second Ninth Circuit Action"); (5) Christopher E. Garner v. Larry Small,
23  No. 13-55503 ("Third Ninth Circuit Action"); (6) Christopher E. Garner v. State of California,
    No. 13-55370 ("Fourth Ninth Circuit Action"); and (7) Christopher E. Garner v. Larry Small,
24  No. 12-9949 ("Supreme Court Action").  See Fed. R. Evid. 201; Harris v. County of Orange,
    682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of court records); United
25  States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own
    records in other cases).  The Court further notes, based upon a review of PACER, that petitioner
26  has filed no other actions in the Ninth Circuit and has not been authorized to file a successive
    petition.
27

28

2

On October 3, 2008, petitioner filed a state habeas petition in the LASC, which such court denied on October 6, 2008, in a reasoned decision, rejecting an ineffective assistance of appellate counsel claim on the merits and rejecting petitioner's remaining claims on procedural grounds.

On December 30, 2008, petitioner filed a state habeas petition in the California Court of Appeal, which such court denied on January 13, 2009, without comment or citation to authority.

On April 24, 2009, petitioner filed a state habeas petition in the California Supreme Court, which such court denied on October 28, 2009, without comment or citation to authority.

On April 1, 2011, petitioner filed a petition for writ of coram vobis in the California Court of Appeal, which such court denied on April 11, 2011, without comment or citation to authority.

On April 22, 2011, petitioner filed a petition for review in the California Supreme Court, which such court denied on June 8, 2011, without comment or citation to authority.

On March 4, 2013, petitioner filed a state habeas petition in the California Supreme Court, which such court denied on October 16, 2013, with a citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995).[3]

## C.   First Federal Action, First, Second and Third Ninth Circuit Actions, and Supreme Court Action

On December 21, 2009, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("First Federal Petition") in the First Federal Action (see supra note 2), challenging the validity of his conviction in the State Case on

---

[3]This information is derived from the docket of the California Supreme Court in Case No. S209112 (available via http://appellatecases.courtinfo.ca.gov), of which this Court takes judicial notice.

multiple, but different grounds than those alleged in the Current Petition.[4]  On

January 7, 2011, the Magistrate Judge issued a Report and Recommendation

("First R&R") in which the Magistrate Judge (1) concluded that eight of

petitioner's claims (Post Appeal Claims 1-5 and 7-9) had been procedurally

defaulted and that one of petitioner's claims (Direct Appeal Claim 3) had not been

exhausted (see supra note 4); and (2) recommended that the procedurally defaulted

claims be dismissed with prejudice and that the First Federal Petition be denied and

the First Federal Action be dismissed without prejudice unless petitioner timely

filed a first amended petition for writ of habeas corpus which did not include the

---

[4]More specifically, in the First Federal Petition petitioner raised the following thirteen grounds for relief, four of which he characterized as "Direct Appeal" issues ("Direct Appeal Claims") and nine of which he characterized as "Post-Appeal" issues ("Post Appeal Claims"): (1) the evidence was insufficient to support his robbery and burglary convictions ("Direct Appeal Claim 1"); (2) the evidence was insufficient to support his murder conviction ("Direct Appeal Claim 2"); (3) the trial court constitutionally erred in instructing the jury on conspiracy law ("Direct Appeal Claim 3"); (4) the trial court constitutionally erred when it failed to instruct the jury that there must be a logical connection between the murder and underlying offense for felony murder liability ("Direct Appeal Claim 4"); (5) the trial court unconstitutionally failed *sua sponte* to properly instruct the jury on the murder charge ("Post Appeal Claim 1"); (6) the trial court constitutionally erred by admitting evidence of prior bad acts, admitting hearsay statements, failing to dismiss the murder charge, and violating petitioner's right to a speedy trial ("Post Appeal Claim 2"); (7) the trial court unconstitutionally considered sentencing enhancements which it had stricken from the amended information ("Post Appeal Claim 3"); (8) the prosecutor engaged in multiple forms of misconduct and withheld materially exculpatory information ("Post Appeal Claim 4"); (9) the trial court unconstitutionally failed *sua sponte* to give additional jury instructions regarding robbery, burglary and withdrawal from conspiracy, refused to give an accessory instruction, and failed to give adequate specific intent instructions ("Post Appeal Claim 5"); (10) petitioner's (a) trial counsel was ineffective in failing to (i) investigate, prepare and mount sound defenses; (ii) file suppression motions; (iii) object to crucial issues; (iv) present favorable evidence; and (v) properly propose/object to jury instructions; and (b) appellate counsel was ineffective in omitting significant constitutional issues while pursuing weaker issues on appeal and did not perfect a sound appeal (collectively "Post Appeal Claim 6"); (11) petitioner's constitutional rights were violated due to the admission of his involuntary confession ("Post Appeal Claim 7"); (12) the sentence imposed upon petitioner was disproportionate and constituted cruel and unusual punishment ("Post Appeal Claim 8"); and (13) the cumulative effect of the trial errors deprived petitioner of his constitutional rights ("Post Appeal Claim 9"). (First Federal Petition at 5-6C).

unexhausted claim and included only exhausted claims which had not been procedurally defaulted.  On January 27, 2011, petitioner filed objections to the First Federal Action R&R.  Petitioner did not timely file a first amended petition for writ of habeas corpus in the First Federal Action.  On April 21, 2011, this Court adopted the First R&R, dismissed petitioner's procedurally defaulted Post Appeal Claims 1-5 and 7-9 with prejudice and, in the absence of petitioner's filing of a first amended petition containing only exhausted and non-procedurally defaulted claims by the deadline to do so, denied the First Federal Petition and dismissed the First Federal Action without prejudice.  Judgment was entered accordingly on April 27, 2011.

On February 9, 2011 – after the Magistrate Judge issued the First R&R, but before judgment was entered in the First Federal Action – petitioner filed a Notice of Appeal in the First Ninth Circuit Action.  See supra note 2.  On June 28, 2011, the Ninth Circuit dismissed the First Ninth Circuit Action for lack of jurisdiction because the order challenged (the First R&R) was not final or appealable when the Notice of Appeal in the First Ninth Circuit Action was filed.  On July 20, 2011, the Ninth Circuit issued the mandate in the First Ninth Circuit Action.

On May 19, 2011 – after judgment was entered in the First Federal Action – petitioner filed another Notice of Appeal in the Second Ninth Circuit Action.  See supra note 2.  On October 19, 2012, the Ninth Circuit denied petitioner's request for a certificate of appealability in the Second Ninth Circuit Action.

On April 17, 2012, petitioner filed a motion for reconsideration in the District Court, which this Court denied on February 26, 2013.  On March 25, 2013, petitioner filed a Notice of Appeal in the Third Ninth Circuit Action, challenging the denial of the motion for reconsideration.  On June 18, 2013, the Ninth Circuit denied petitioner's request for a certificate of appealability in the Third Ninth Circuit Action.

///

1    On February 7, 2013, petitioner filed a petition for writ of certiorari in the
2    Supreme Court Action, which such Court denied on June 17, 2013.

3            **D.      Second Federal Action and Fourth Ninth Circuit Action**

4            On September 28, 2011, petitioner filed a "Petition for Writ of Error Coram
5    Nobis Pursuant to 28 U.S.C. § 1651; and Motion to Vacate Judgment Pursuant to
6    F.R.C.P. Rule 60(B)(3)(4)(6)" ("Second Federal Petition"), again challenging the
7    judgment in the State Case.  Petitioner claimed that the trial judge in the State Case
8    essentially directed a verdict against petitioner by using incomplete verdict forms,
9    and consequently, that petitioner's sentence was unauthorized.

10           On August 31, 2012, the Magistrate Judge issued a Report and
11   Recommendation ("Second R&R") in which the Magistrate Judge recommended
12   that the Second Federal Petition, whether construed as a coram nobis petition, a
13   Fed. R. Civ. P. 60(b) motion, or a petition for writ of habeas corpus, be dismissed
14   for lack of jurisdiction because, among other things, it was successive and
15   petitioner had not obtained authorization from the Ninth Circuit to file it.  On
16   September 18, 2012, petitioner filed objections to the Second R&R.  On
17   February 5, 2013, this Court adopted the Second R&R and dismissed the Second
18   Federal Petition without prejudice for lack of jurisdiction.  Judgment was entered
19   accordingly on February 8, 2013.

20           On February 28, 2013, petitioner filed a Notice of Appeal in the Fourth
21   Ninth Circuit Action.  On June 18, 2013, the Ninth Circuit denied petitioner's
22   request for a certificate of appealability in the Fourth Ninth Circuit Action.

23   **III.   DISCUSSION**

24           Before a habeas petitioner may file a second or successive petition in a
25   district court, he must apply to the appropriate court of appeals for an order
26   authorizing the district court to consider the application.  Burton v. Stewart, 549
27   U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)).  This provision
28   "creates a 'gatekeeping' mechanism for the consideration of second or successive

applications in district court." <u>Felker v. Turpin</u>, 518 U.S. 651, 657 (1996); <u>see</u> <u>also</u> <u>Reyes v. Vaughn</u>, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit).  A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals.  <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing <u>United States v. Allen</u>, 157 F.3d 661, 664 (9th Cir. 1998)), <u>cert. denied</u>, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), <i>i.e.</i>, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense.  <u>Nevius v. McDaniel</u>, 104 F.3d 1120, 1120-21 (9th Cir. 1997); <u>Nevius v. McDaniel</u>, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits.  <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); <u>but</u> <u>see</u> <u>McNabb v. Yates</u>, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); <u>Henderson v. Lampert</u>, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds

constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted); Reyes v. United States, 1999 WL 1021815 *3 (E.D.N.Y. 1999) (dismissal of first habeas petition for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) constitutes dismissal on the merits and renders subsequently filed habeas petition second or successive).

Here, as noted above, the Court denied eight of petitioner's claims in the First Federal Petition with prejudice because they had been procedurally defaulted – an adjudication which is deemed to be on the merits.  See Henderson, 396 F.3d at 1053.  Although the First Federal Petition was otherwise dismissed without prejudice as "mixed," this does not alter the successive nature of the Current Petition because eight claims in the First Federal Petition were rejected on the merits and because neither of petitioner's current claims were raised in the First State Petition.  See supra note 2; Slack v. McDaniel, 529 U.S. at 485-487 (second habeas petition not "successive" if initial habeas petition dismissed as "mixed" petition containing exhausted and unexhausted claims where no claim in initial petition adjudicated on the merits) (emphasis added); Stewart v. Martinez-Villareal, 523 U.S. at 643-645 (second habeas petition not "successive" and should be treated as re-filing of earlier claim if it raises claim originally raised in first habeas petition which claim was dismissed as premature, even though other claims in first habeas petition adjudicated on the merits) (emphasis added); Olvera v. Gonzales, 834 F. Supp. 2d 944, 948 (C.D. Cal. 2011) (federal petition successive where two claims raised in prior federal petition denied with prejudice

///

///

///

///

as procedurally defaulted and petitioner did not re-raise only claim from prior petition which was dismissed as unexhausted).[5]

Accordingly, the Current Petition is successive, and, since petitioner filed it without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it. See 28 U.S.C. § 2224(b).

**IV.   ORDER**

IT IS THEREFORE ORDERED that the Current Petition is dismissed without prejudice and that judgment be entered accordingly, and that the Clerk refer the Current Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

IT IS SO ORDERED.

DATED:   November 12, 2013

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

---

[5]As recognized by the Supreme Court in Burton v. Stewart, the Court in Stewart v. Martinez-Villareal expressly declined to determine whether the filing of a claim for the first time in a petition filed after federal courts had already rejected [on the merits] an initial habeas application that had not included such claim would constitute a second or successive habeas corpus petition. Burton, 549 U.S. at 155 (citing Stewart v. Martinez-Villareal, 523 U.S. at 645 n.*). See also Ortiz-Sandoval v. Clarke, 323 F.3d 1165, 1169 (9th Cir. 2003) ("Because the claim before us was presented in [the petitioner's] first petition and because the claim was not previously adjudicated on the merits, [28 U.S.C. § 2244(b), which prohibits second or successive habeas corpus petitions] does not bar the instant petition.") (citing Stewart v. Martinez-Villareal, 523 U.S. at 644-45 as holding that a claim previously presented in an original habeas petition, but not adjudicated on the merits, was not a "second or successive" petition under § 2244(b) even when other claims in the original petition had been adjudicated).